IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN FULBRIGHT WASHINGTON,
    Plaintiff,

vs.                                                 5:09cv35/RH/MD

G.G. MOLLROY, et al.,
    Defendants.

ORDER and
**REPORT AND RECOMMENDATION**

       Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a pleading entitled "motion to prohibit illegally excessive force and guard brutality with unsanitary dangerous or overly restrictive conditions." (Doc. 1). He was directed to file an amended complaint on the proper court form, and to either pay the $350.00 filing fee or file a motion to proceed *in forma pauperis*. (Doc. 3). He has now filed his motion for leave to proceed *in forma pauperis* along with a first amended complaint on the proper form. (Doc. 4 & 5).

       Plaintiff, who is currently incarcerated at the Northwest Florida Reception Center, names six defendants in this action: Captain G.G. Malloy, Warden Culpepper, Security Major Godwins, C.O. M. Baxley, Sgt. T Ruddy and Sgt J. Craieg. Plaintiff alleges that certain defendants threatened him with sexual abuse and retaliatory treatment, including the illegal use of chemical agents. Plaintiff also complains that he was returned to a cell into which chemical agents had been sprayed without it having been cleaned first in violation of the eighth amendment. He seeks injunctive relief and monetary damages for mental and emotional injuries and for the defendants' excessive use of force.

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, the court is required to dismiss the case at any time if it determines that the action "is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b)(1) & (2).  Upon review of the amended complaint, it appears this case should be dismissed as malicious.

On page three of the civil rights complaint form, under Section IV, Previous Lawsuits, plaintiff is advised "failure to disclose **all** prior civil cases may result in the dismissal of this case.  If you are unsure of any prior cases you have filed, that fact must be disclosed as well."  Following that plaintiff is asked:  "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and lists a federal case 5:07cv166/RS/AK. (Complaint, p. 3).  On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and lists another federal case: 5:07cv179/RS/AK.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and re-lists case 5:07cv179/RS/AK.  (*id.*, p. 4).  On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  Where there are parenthetical areas to mark

either a "yes" or "no" answer to this question, plaintiff marked "yes" and listed a single case, although he did not include a case number. (*id.*). None of the continuation pages to the complaint form contain any information about previous lawsuits plaintiff has filed.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that, other than the three identified cases, he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

Upon review of the court's records this Court takes judicial notice that plaintiff has previously filed the following cases:

    5:07cv158/RS/EMT- Washington v. McDonough

    5:07cv166/RS/AK - Washington v. McDonough

    5:07cv178/MCR/EMT- Washington v. McDonough

    5:07cv179/RS/AK - Washington v. McDonough

    5:08cv38/SPM/EMT - Washington v. McDonough

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

*Case No: 5:09cv35/RH/MD*

      5:08cv177/RS/AK - Washington v. Prannon
      5:08cv193/RH/EMT - Washington v. Harris
      5:09cv70/RS/MD - Washington v. Brannon

Only three of these were disclosed on his complaint form, although a cursory review reveals that the above cases certainly deal with plaintiff's imprisonment.

      The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

      In addition, the court notes that plaintiff is a "three-striker." On September 12, 2008, case 5:08cv38/SPM/EMT was dismissed without prejudice to its refiling accompanied by the full $350.00 filing fee, after the court found that plaintiff had had three or more cases dismissed as frivolous, malicious or for failure to state a claim, and that his allegations were too vague to show he was in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Likewise, plaintiff's allegations in his amended complaint in this case focus on **past** harm relating to the application of chemical agents in his cell, and verbal threats of

sexual harassment and "retaliation."  Therefore, the case is also subject to dismissal due to plaintiff's failure to pay the $350.00 filing fee at the time he filed his complaint.

    Accordingly, it is ORDERED:

    Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is DENIED.

    And, it is respectfully RECOMMENDED:

    That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.  Plaintiff is advised that if he wishes to re-file this case, he must pay the entire $350.00 filing fee at that time.

    At Pensacola, Florida, this 25th day of March, 2009.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

    **Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**